COMMONWEALTH *vs.* JESSE WATERS. October 29, 1979. 1. There is no genuine question as to the sufficiency of the evidence to warrant a finding of guilty of armed robbery. 2. No cause for a new trial arises out of the mere fact that the victim saw a police officer point to the defendant and heard the officer identify him by name in the courtroom as the trial was about to commence. That identification was admittedly inadvertent (see *Commonwealth* v. *Rodriguez,* 6 Mass. App. Ct. 738, 747 app. B-6 [1978], modified on other grounds, 378 Mass. 296 [1979], and cases cited); it was not made in the presence of or otherwise brought to the attention of the jury; there was clear and convincing evidence before the jury from which they could find that the victim's in-court identification of the defendant was based solely on her observations of him during the course of the robbery (see *Commonwealth* v. *Botelho,* 369 Mass. 860, 868 [1976]); and in his charge the judge specifically delineated the various factors the jury should consider in determining the reliability of the victim's identification of the defendant as the person who had robbed her (see *Commonwealth* v. *Rodriguez,* 378 Mass. at 301-302). 3. The gun taken from the defendant's person when he was arrested was properly admitted in evidence. *Commonwealth* v. *Mendes,* 361 Mass. 507, 514-515 (1972). 4. Any problem

arising out of the exclusion of the questions to the arresting officer concerning the defendant's right to possess the gun was obviated by the prosecutor's stipulation in the presence of the jury that the defendant's possession of the gun had been legal. 5. The third assignment of error was waived at the argument. 6. None of the other assignments requires any discussion; most of them border on the frivolous, and none of them has been argued with the meaning of Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972), as amended, 3 Mass. App. Ct. 801 (1975). *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958).

*Judgment affirmed.*

*J. Sheffield Dow* for the defendant.

*Daniel C. Mullane,* Assistant District Attorney, for the Commonwealth.